UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION

| | |
|---|---|
| KARI (Swan) JOHNSON, Individually and as the Natural Daughter of John and Donna Kathleen Swan, Deceased, | |
| and | **JURY TRIAL DEMANDED** |
| BRIAN HOWENSTINE, Administrator of the Estates of John and Donna Kathleen Swan, Deceased, | St. Louis City No: 0722-CC08048 |
| and | |
| HEATHER DAUGHTERY, As Natural Mother and Next Best Friend of William Lane Swan and Madelyn K. Swan, the Natural Son and Daughter of James D. Swan, Deceased; and as Executrix of the Estate of James D. Swan, Deceased, | |
| and | |
| DUNDEE GRAVES, As Natural Mother and Next Best Friend of Cody Shane Swan, the Natural Son James D. Swan, Deceased, | |
| and | |
| JOHN BAER, As Natural Father of Vanessa Anne Baer and As Co-Executor of the Estate of Vanessa Anne Baer, Deceased, | |
| and | |
| LAURA BAER, As Natural Mother of Vanessa Baer and As Co-Executrix of the Estate of Vanessa Anne Baer, Deceased, | |
| Plaintiffs | **NOTICE OF REMOVAL** |
| v. | |
| PRECISION AIRMOTIVE LLC, Individually and as Joint Venturer, c/o LPSL Corporate Services, Inc., 1420 Fifth Avenue, | |

| | |
|---|---|
| Suite 4100, Seattle, WA 98101, | ) |
| | ) |
| and | ) |
| | ) |
| PRECISION AIRMOTIVE CORPORATION, 14800 40th Avenue NE, Bldg. D, Marysville, WA 98271, | ) ) ) ) |
| | ) |
| and | ) |
| | ) |
| BENDIX CORPORATION, c/o CT Corporation System, 314 Broadway, St. Louis, MO 63102 | ) ) ) |
| | ) |
| and | ) |
| | ) |
| ALLIEDSIGNAL, INC., c/o CSC Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101, | ) ) ) ) |
| | ) |
| and | ) |
| | ) |
| HONEYWELL, INC., c/o CSC Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101, | ) ) ) ) |
| | ) |
| and | ) |
| | ) |
| HONEYWELL INTERNATIONAL, INC., c/o CSC Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101, | ) ) ) ) |
| | ) |
| and | ) |
| | ) |
| AVCO CORPORATION, d/b/a TEXTRON LYCOMING, c/o of CT Corporation, 314 Broadway, St. Louis, MO 63102, | ) ) ) ) |
| | ) |
| and | ) |
| | ) |
| LYCOMING a/k/a LYCOMING ENGINES a/k/a TEXTRON LYCOMING RECIPROCATING ENGINE DIVISION, 652 Oliver Street, Williamsport, PA 17701, | ) ) ) ) ) |
| | ) |
| and | ) |
| | ) |

2

TEXTRON, INC., c/o CT Corporation, 120 South    )
Central Avenue, Clayton, MO 63105,    )
    )
           and    )
    )
B&S AIRCRAFT PARTS & ACCESSORIES, INC.)
1414 South Mosley, Wichita, KS 67211,    )
    )
           and    )
    )
DOODLE, INC., 1600 Epic Center, 301 North    )
Main Street, Wichita, KS 67202,    )
    )
           and    )
    )
WESTERN SKYWAYS, INC., 1865 Launa Drive,    )
Montrose, CO 81401,    )
    )
           and    )
    )
OZARK AIRCRAFT MAINTENANCE LLC, c/o    )
Brian Ozark, 429 North West Street, Perryville,    )
MO 63775,    )
    )
           and    )
    )
AIR EVAC AVIATION, INC., individually and    )
d/b/a AIR EVAC LIFE TEAM, Municipal Airport,    )
Cape Girardeau, MO 63701,    )
    )
           and    )
    )
AIR EVAC, INC., individually and d/b/a AIR    )
LIFE TEAM, 720 Bratton, West Plaines, MO    )
65775,    )
    )
           and    )
    )
AIR EVAC LIFE TEAM, 1448 W. Eighth Street    )
West Plains, MO 65775,    )
    )
           and    )
    )
AIR EVAC EMS, INC., individually and d/b/a    )
AIR EVAC LIFE TEAM, c/o CSC Lawyers    )
Incorporating Service Company, 221 Bolivar Street    )

3

Jefferson City, MO 65101,        )
                                 )
                Defendants.      )

## NOTICE OF REMOVAL

NOW COME defendants Avco Corporation (incorrectly sued as both "Avco Corporation d/b/a Textron Lycoming" and "Lycoming a/k/a/ Lycoming Engines a/k/a Textron Lycoming Reciprocating Engine Division"), a Delaware corporation with its principal place of business in Rhode Island (and therefore, a citizen of Delaware and Rhode Island), and Textron, Inc. ("Textron"), a Delaware corporation with its principal place of business in Rhode Island, (and therefore, a citizen of Delaware and Rhode Island) and hereby remove the above captioned action to the United States District Court for the Eastern District of Missouri, Eastern Division, from the 22nd Judicial Circuit Court of Missouri (St. Louis City), pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

### I.   INTRODUCTION

1. This action arises out of the September 10, 2005 crash in Wabash, Indiana of a Piper 32-300 fixed wing, single-engine aircraft, Registration No. N4032R. (Plaintiffs' Petition for Damages, ¶ 31, attached hereto as Exhibit A1.). A copy of the State Court file is attached as Exhibits A1 and A2.

2. John Swan, Kathy Swan, James Swan, and Vanessa Baer died as a result of this crash. (Exhibit A1, ¶ 32.)

3. Plaintiffs filed this lawsuit on September 10, 2007 in the Circuit Court for the City of St. Louis, Missouri asserting claims in strict liability, negligence, and misrepresentation. (Exhibit A1, Counts I-XIII.)

4

4. On information and belief, each decedent was a citizen of Indiana at the time of their deaths. On information and belief, each minor, incompetent or infant as alleged in the Plaintiffs' complaint, were citizens of Indiana at the time of the accident, the filing of the lawsuit, and the date of removal. Each Plaintiff, including each administrator, individual, and legal representative of minors or infants were and are citizens of the State of Indiana at the time the lawsuit was filed and at the time of removal. See §§ 1332(a) and 1332(c)(2).

5. As of the date of the filing of this notice, no defendant has been served. Therefore written consent from the above-named defendants is unnecessary.

6. Defendants Textron and Avco received a copy of Plaintiffs' Petition on September 27, 2007. Avco Corporation is a wholly owned subsidiary of Textron, Inc. Plaintiffs filed the complaint in St. Louis City Circuit Court on September 10, 2007. Therefore, defendants Avco and Textron have filed this notice within the time specified by 28 U.S.C. §1446(b).

7. In accordance with 28 U.S.C. §1446(d), Avco and Textron will give written notice of this Notice to all adverse parties and file a copy of the Notice with the clerk of St. Louis City Circuit Court.

8. The only named defendant alleged to have either its principal place of business, or state of incorporation in Indiana (and therefore, an alleged citizen of Indiana) is Bendix Corporation ("Bendix"). (Exhibit A1, ¶ 11.) As set forth below in Part II, Bendix Corporation has not existed since 1985.

9. The only named defendants alleged to have either their principal place of business, or state of incorporation in Missouri (and therefore, alleged Missouri citizens) are Ozark Aircraft Maintenance LLC ("Ozark"), Air Evac Aviation, Inc., Air Evac, Inc., Air Evac Life Team (a fictitious name), and Air Evac EMS, Inc. (collectively referred to as "the Air Evac

defendants"). Plaintiffs allege that these defendants negligently maintained the aircraft at issue "at times material hereto." As set forth below in Part II, these defendants are improperly joined as none of them could possibly have caused or contributed to cause the crash at issue in this litigation.

10. Based on information and belief, all other named defendants (other than Bendix, Ozark and Air Evac discussed above in paragraphs 8 and 9) are citizens of states other than Indiana or Missouri. See also Plaintiffs' Complaint.

11. Plaintiffs seek compensatory and punitive damages in an amount in excess of $50,000. This case involves the alleged wrongful deaths of four people. On information and belief, the damages of each of the estates and each individual claim exceeds $75,000 exclusive of any interests and costs.

12. Plaintiffs Kari (Swan) Johnson, John Baer, and Laura Baer each make individual claims where the amount in controversy may or may not exceed $75,000. However, 28 U.S.C. § 1367 permits the exercise of supplemental jurisdiction in a diversity case where one plaintiff satisfies the diversity requirement and the jurisdictional amount while the other plaintiff satisfies the diversity requirement but not the jurisdictional amount, when both plaintiffs' claims are within the same case or controversy. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 125 S.Ct. 2611, 2615, 2005 WL 1469477 (2005); *See also Stromberg Metal Works, Inc. v. Press Mechanical, Inc.*, 77 F. 3d 928, 930-31 (7th Cir. 1996). Therefore, this court is permitted to exercise supplemental jurisdiction over the individual claims, regardless of whether the amount in controversy for any one plaintiff's claim exceeds $75,000, because the amount in controversy for the claims of the decedents' estates exceeds $75,000, diversity is satisfied, and the claims of every plaintiff arose out of the same case or controversy.

13. Plaintiffs' claims are premised on the allegations that the engine and fuel delivery system at issue were defective, and that said defects were causally related to the crash. (Exhibit A1, ¶ 100.)

14. Plaintiffs' allege that defendants Avco and Textron manufactured the IO-540 model engine used in the aircraft at issue, did so such that the engine was defective, and thereby failed to comply with Federal Aviation Administration regulations.

15. Federal law establishes the standard of care in the field of aviation safety, and the central issue in this litigation arises out of federal law. See, for example, Abdullah v. American Airlines, 181 F.3d 363, 371 (3d Cir. 1999). Federal law will determine whether defendants complied with federal regulations concerning the manufacture and design of the aircraft engine at issue.

## II. Basis for Removal

16. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a) and 1332(c)(2). The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

17. The amount in controversy exceeds $75,000. "When determining whether the amount in controversy requirement is met, the amount contained in the pleadings is not dispositive." Pemiscot County v. Western Surety Co., 51 F.3d 170, 174 (8th Cir. 1995). Rather, the standard is "whether a fact-finder might legally conclude" that a plaintiff's damages are greater than $75,000. See Quinn v. Kimble, 228 F.Supp.2d 1038, 1040 (E.D. Mo. 2002). Plaintiffs' Petition alleges significant damages including that four people were critically injured as a result of the crash at issue, they subsequently died from those injuries, and that the plaintiffs

have suffered great losses (See Exhibit A1, ¶ 232 and 239). A jury could easily find that the plaintiffs each have damages that exceed $75,000.

18.     There is complete diversity of citizenship between the plaintiffs and defendants in this case. The only named defendant who allegedly maintains is principal place of business in Indiana (the state of citizenship for every plaintiff) is Bendix.

19.     The Bendix Corporation ceased to exist as an independent entity when, in 1982, Allied Corporation acquired a controlling interest in it, making The Bendix Corporation a wholly-owned subsidiary of Allied Corporation. On April 1, 1985, Allied Corporation owned all of the outstanding shares of The Bendix Corporation. The Bendix Corporation (at that time a wholly-owned subsidiary) was merged into Allied Corporation effective April 1, 1985. Thus, the "Bendix Corporation" named by plaintiffs in their Petition is an organization that does not exist, did not exist when this action was filed on September 10, 2007, did not exist when this cause of action accrued on September 10, 2005, and has not existed for over 20 years. Therefore, Bendix is not a proper party as the allegations as to it in the Plaintiffs' Complaint do not defeat diversity jurisdiction.

20.     Plaintiffs brought this suit in St. Louis City even though the accident occurred in Indiana, and all plaintiffs are citizens of Indiana. They named Ozark and the Air Evac defendants in an obvious attempt to prevent removal under 28 U.S.C. § 1441(b), which states that any action, other than one raising a federal question, shall be removable only if none of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought.

21.     No defendant, including Ozark and Air Evac, has been served as of the date of the filing of this Notice. Therefore, removal of this case is in compliance with 28 U.S.C. § 1441(b).

See, for example, <u>Great American Insurance Company v. K&R Transportation</u>, 2004 WL 1094540 *1 (N.D. Ill. 2004; not reported in F.Supp.) noting that 28 U.S.C. § 1441(b) does not preclude removal where a citizen of the state where the action was brought was not served before the removal notice was filed.

22. Further, the naming of Ozark and Air Evac as defendants does not prevent removal because they were fraudulently joined. Upon information and belief, the Air Evac defendants had no maintenance or inspection responsibilities for the aircraft at issue since before November, 2001. Upon further information and belief, Ozark had no contact with this aircraft after July, 2003, when it performed an annual inspection on it, which inspection showed no performance problems with the aircraft. Based on information and belief, the aircraft was sold after July 2003 to an as yet unidentified person.

23. Because this accident did not occur until September 10, 2005, more than two years after any of the Missouri defendants could possibly have maintained the aircraft, there is no reasonable basis for predicting that state law could impose liability based on Plaintiffs' assertion that these defendants negligently maintained the aircraft "at times material hereto." Therefore, 28 U.S.C. § 1441(b) cannot prevent removal of this case.

24. Furthermore, one of the plaintiffs' allegations is that the "Precision, Bendix and Textron defendants" dispersed literature, and service and maintenance information "that contained false representations that the engines and fuel delivery systems used on aircraft similar to the accident aircraft were safe," and that "said misrepresentations were intended to induce or mislead to believe" these engines and fuel delivery systems were safe. (See Exhibit A1, ¶ 235.) However, in Counts XI and XII (¶¶ 214, and 225 respectively) plaintiffs allege that Ozark and the Air Evac defendants failed to warn "the operator of the dangerous propensities of the

accident aircraft's engine, fuel control system and fuel delivery systems." This is inconsistent with the claim that defendants Precision, Bendix and Textron distributed false and misleading service and maintenance information.

25. Courts have found that where the allegations of a nondiverse defendant's knowledge of a product's risk is refuted by other allegations in the complaint or petition (such as that the manufacturer concealed the risk of the product at issue) there is strong indication that the nondiverse defendants were fraudulently joined. See, for example, Allen v. Tyson Foods, Inc., 153 F.Supp.2d 886, 891 (S.D. Miss. 2001) and Eaton v. American Family Life Assurance Company, 1998 WL 911759 *3 (N.D. Miss. 1998). Plaintiffs name Ozark and the Air Evac Defendants in an attempt to prevent removal since they are both resident defendants. Because the allegations against Ozark and the Air Evac defendants are refuted by the allegations against the "Precision, Bendix and Textron" defendants, there is a strong indication that Ozark and the Air Evac defendants were fraudulently joined.

26. Further, removal is proper because a substantial federal question is involved. Other than the allegations for negligent maintenance stated above, each of the plaintiffs' allegations are premised on the notion that the Lycoming IO-540 model engine was defectively and negligently designed, manufactured, and placed in the stream of the commerce. This is fundamentally a matter of federal law because federal law establishes the standards of care in the field of aviation safety, and so must be decided by reference to, and analysis of the appropriate federal law. See Abdullah v. American Airlines, 181 F.3d 363, 371 (3d Cir. 1999).

27. The issues at the heart of this case necessarily implicate, and arise out of federal law because the relevant standard of care applicable to this matter is established by federal law. See Green v. B.F. Goodrich Avionics Systems, Inc., 409 F.3d 784, 794-95 (6th Cir. 2005).

28.     Thus, this Court has original jurisdiction of this action under 28 U.S.C. § 1331, and it is removable under § 1441(b) because it is a civil action, "founded on a claim or right arising under the Constitution, treaties or laws of the United States," and "shall be removable without regard to the citizenship or residence of the parties."

WHEREFORE, the Defendants, Avco Corporation (incorrectly sued as both "Avco Corporation d/b/a Textron Lycoming" and "Lycoming a/k/a/ Lycoming Engines a/k/a Textron Lycoming Reciprocating Engine Division") and Textron, Inc. ("Textron"), by and through their attorneys, Williams Montgomery & John Ltd., and Wuestling & James, L.C., hereby give notice that the above-captioned cause of action, which is pending in the Circuit Court for the City of St. Louis, Missouri, is removed to the United States District Court for the Eastern District of Missouri, Eastern Division.

Respectfully submitted,

WUESTLING & JAMES, L.C.

*/s/ R.C. Wuestling*

R.C. Wuestling, Fed. Mo. Bar #4861, Mo. Bar #30773
Susan M. Schwartzkopf, Fed. Mo. Bar #517873, Mo. Bar #57434
720 Olive St., Suite 2020
St. Louis, MO  63101
Phone:  (314) 421-6500
Fax:  (314) 421-5556
E-Mail: wuestling@wuestlingandjames.com
*Attorneys for Defendants Textron, Inc. and Avco Corporation d/b/a Textron Lycoming*

CERTIFICATE OF SERVICE

A copy of the foregoing was mailed, postage prepaid, this 2nd day of October, 2007 to:

Philip J. Ford
The Wolk Law Firm
1710-12 Locust St.
Philadelphia, PA 19103
and
Mary Doerhoff Winter
Bartimus, Frickleton, Robertson & Gorny
715 Swifts Highway
Jefferson City, MO 65109
*Attorney for Plaintiffs*

Precision Airmotive LLC
c/o LPSL Corporate Services, Inc.
1420 Fifth Ave., Suite 4100
Seattle, WA 98101

Precision Airmotive Corporation
14800 40th Avenue NE, Bldg. D
Marysville, WA 98271

Bendix Corporation
c/o CT Corporations Systems
314 N. Broadway
St. Louis, MO 63102

Alliedsignal, Inc.
c/o CSC Lawyers Incorporating Service Company
221 Bolivar St.
Jefferson City, MO 65101

Honeywell, Inc.
c/o CSC Lawyers Incorporating Service Company
221 Bolivar St.
Jefferson City, MO 65101

Honeywell International, Inc.
c/o CSC Lawyers Incorporating Service Company
221 Bolivar St.
Jefferson City, MO 65101

Lycoming a/k/a Lycoming Engines
a/k/a Textron Lycoming
Reciprocating Engine Division
652 Oliver St.
Williamsport, PA 17701

B&S Aircraft Parts & Accessories, Inc.
1414 S. Mosley
Wichita, KS 67211

Doodle, Inc.
1600 Epic Center
301 North Main St.
Wichita, KS 67202

Western Skyways, Inc.
1865 Launa Dr.
Montrose, CO 81401

Ozark Aircraft Maintenance LLC
c/o Brian Ozark
429 North West St.
Perryville, MO 63775

Air Evac Aviation, Inc., individually and
d/b/a Air Evac Life Team
Cape Girardeau, MO 63701
Municipal Airport
Cape Girardeau, MO 63701

Air Evac, Inc., individually and
d/b/a Air Life Team
720 Bratton
West Plaines, MO 75775

Air Evac Life Team
1448 W. 8th St.
West Plaines, MO 65775

Air Evac EMS, Inc., individually and
d/b/a Air Evac Life Team
c/o CSC Lawyers Incorporating Service Company
221 Bolivar St.
Jefferson City, MO 65101

Clerk, Circuit Court of St. Louis City
10 N. Tucker
St. Louis, MO 63101

_____