UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KARI JOHNSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV1695 CDP |
| | ) | |
| PRECISION AIRMOTIVE, LLC, | ) | |
| et al., | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This case arises out of an airplane crash in Wabash, Indiana. Plaintiffs are the representatives of four passengers who died in the crash, and have brought suit alleging strict liability and negligence on the part of seventeen defendants who serviced or manufactured parts of the aircraft. Plaintiffs (all of whom are citizens of Indiana) filed their petition in Missouri Circuit Court for the City of St. Louis on September 10, 2007. On October 2, 2007, before any of the seventeen defendants had been served, Defendants Avco Corporation, Lycoming, and Textron, Inc. (together "the removing defendants") removed the case to this Court on diversity grounds. Plaintiffs now seek an order remanding the case to state court. Plaintiffs argue that, although plaintiffs and defendants are completely diverse from one another, five of the defendants named in the suit are Missouri corporations. Thus, under 28 U.S.C. § 1441(b), the forum defendant rule prevents

defendants from removing the case to a Missouri federal court. Plaintiffs make a strong argument for why this case ought to be remanded. However, the text of § 1441(b) does not prohibit removal in a case where the forum defendants have not yet been served with the complaint. I will therefore deny the plaintiffs' motion to remand this case to state court.

## Procedural Background

Plaintiffs are the representatives of four deceased passengers of a single engine Piper 32-300 aircraft that crashed on September 10, 2005. The Indiana plaintiffs have sued 17 corporate defendants who manufactured, maintained or replaced various parts of the aircraft and its engine before the accident. Among the defendants plaintiffs sued are five Missouri corporations (Ozark Aircraft Maintenance LLC; Air Evac Aviation, Inc.; Air Evac, Inc.; Air Evac Life Team; and Air Evac EMS, Inc.) and one Indiana corporation (Bendix). The removing defendants (corporate citizens of Delaware, Pennsylvania and Rhode Island) removed the case to federal court, claiming both diversity jurisdiction and federal question jurisdiction over plaintiff's complaint.

Although none of the defendants had been formally served at the time of removal, the removing defendants assert that they "received a copy of plaintiffs' petition" on September 27, 2007. The removing defendants then filed their notice of removal on October 2, 2007. The following day, plaintiffs served a copy of the

state court petition on three defendants: Air Evac EMS, Inc.; Ozark Aircraft Maintenance LLC; and Precision Airmotive LLC (a corporate citizen of Washington).

In their notice of removal, the removing defendants assert that the parties in this case are diverse, notwithstanding the fact that plaintiffs are all Indiana residents and defendant Bendix is an Indiana corporation. The removing defendants claim that Bendix was merged into another corporate entity and has not existed since 1985.[1] Bendix is therefore not a proper defendant in this suit, and its Indiana citizenship should not be regarded for purposes of diversity. In addition, the removing defendants claim that the presence of five Missouri defendants does not bar removal of this case to a Missouri federal court, because the Missouri defendants were fraudulently joined and were unserved at the time of removal.

The removing defendants also assert that this case was properly removed on federal question grounds. According to the removing defendants, the plaintiffs' complaint raises a substantial federal question because the relevant standard of care for aircraft maintenance and repair in this case is established by federal law and the Federal Aviation Administration.

---

[1] Plaintiffs have not responded to this claim or made any argument regarding the citizenship of Bendix, other than the assertion in the complaint that Bendix is a citizen of Indiana.

Plaintiffs have filed a motion to remand this case to state court. Plaintiffs argue that the Missouri entities are proper defendants in this lawsuit, and no federal questions are raised by plaintiff's state law tort claims.

**Discussion**

Federal courts are courts of limited jurisdiction. *Myers v. Richland County*, 429 F.3d 740, 745 (8th Cir. 2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). As such, federal courts are authorized to hear cases only as provided by the Constitution and by statute. The parties seeking to remove a case to federal court (in this case, Avco, Lycoming, and Textron) have the burden of establishing federal subject-matter jurisdiction. *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993). Removal statutes are strictly construed, and any doubts about federal jurisdiction are resolved in favor of remand. *International Ass'n of Entrepreneurs of America v. Angoff*, 58 F.3d 1266, 1270 (8th Cir. 1995); *Business Men's Assur. Co.*, 992 F.2d at 183.

Under 28 U.S.C. § 1441(a), a defendant can remove a civil action brought in state court if the complaint is one which could have properly been filed in the federal forum. Here, the removing defendants assert that this case could have been filed in federal court both as a diversity action and as a federal claim.

## Federal Question Jurisdiction

Defendants argue that this case could be removed to federal court under federal question jurisdiction. According to the removing defendants, the plaintiffs' negligence claims relate to standards of care set by the Federal Aviation Administration through federal regulation. Moreover, defendants note that regulation of aviation is an exclusively federal task, and state regulation of air safety is preempted by federal law. *See Abdullah v. American Airlines*, 181 F.3d 363, 367 (3d Cir. 1999). Thus, according to the removing defendants, plaintiff's petition is of the type that "necessarily raises a stated federal issue," and federal question jurisdiction is proper in this Court. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005).

Under the "well-pleaded complaint rule," a case is ordinarily not removable on federal question grounds unless the federal question is presented on the face of the plaintiff's properly pleaded complaint. *Chaganti & Associates, P.C. v. Nowotny*, 470 F.3d 1215, 1220 (8th Cir. 2006) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Although in this case the plaintiffs' complaint alleges a failure to comply with federal aviation regulations, no private right of action exists to enforce those regulations. *See In re Mexico City Aircrash of October 31, 1979*, 708 F.2d 400, 407-08 (9th Cir. 1983). The removing defendants assert however that, as in *Grable*, the federal regulations in this case

raise a federal question that "a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314.

The removing defendants' reliance on *Grable* is misplaced. While federal law may preempt states from directly regulating air safety, nothing in federal law implies that traditional private state law remedies were themselves preempted. *Abdullah*, 181 F.3d at 375. "The combination of no federal cause of action and no preemption of state remedies [is] an important clue to Congress's conception of the scope" of federal question jurisdiction. *Grable*, 545 U.S. at 318. Unlike in *Grable*, defendants' compliance with federal regulation does not constitute "the only legal or factual issue contested in the case." *Id.* at 315. Rather, this case involves state common law claims of negligence and strict liability. Any violation of federal law serves only as some evidence to support those state law claims. Federal law does not itself give rise to the cause of action, nor is an interpretation of federal law in dispute. *See Sarantino v. American Airlines, Inc.*, 2005 WL 2406024 (E.D. Mo. Sept. 29, 2005); *Wandel v. American Airlines, Inc.*, 2005 WL 2406017 (E.D. Mo. Sept. 28, 2005) (both cases holding that plaintiffs' negligence claims against a commercial airline company arising out of a crash did not raise federal questions). Therefore, there is no federal question jurisdiction in this case.

If removal of this action to federal court is proper, it must be so only through diversity jurisdiction.

**Diversity Jurisdiction**

The plaintiffs in this case are all citizens of Indiana. Although plaintiffs list Defendant Bendix Corporation as a citizen of Indiana, the removing defendants assert that Bendix Corporation no longer exists. Plaintiffs have not responded to this claim in either their motion to remand or their reply brief. Based on the information currently before the Court, I will presume that Bendix is not a proper party to this action. Thus, not including Bendix, the remaining 16 defendants are diverse from the Indiana plaintiffs. Additionally, the amount in controversy exceeds $75,000. Therefore, this case meets the jurisdictional requirements for a diversity action in federal court, and the removal criteria of § 1441(a) are satisfied.

**Forum Defendant Rule**

Although this case meets the diversity requirements of § 1441(a), this does not necessarily mean that the case may be removed to federal court. A federal court's jurisdiction over removed actions is narrower than over diversity suits generally, and a case that could have originally been filed in federal court may not necessarily be removable. *See Hurt v. Dow Chemical Co.*, 963 F.2d 1142, 1145 (8th Cir. 1992). Under § 1441(b), if removal is premised on diversity jurisdiction (as it is in this case), the case will only be removable "if none of the parties in

interest properly joined and served as defendants is a citizen of the State in which such action is brought." In other words, "A defendant may not remove to federal court on the basis of diversity jurisdiction if any of the [properly joined and served] defendants is a citizen of the state where the action was filed." *Hurt*, 963 F.3d at 1145.

Plaintiffs contend that removal to this Court was improper because five of the named defendants are citizens of Missouri. The removing defendants concede that the state court petition names Missouri defendants. However, following the text of § 1441(b), the removing defendants counter that the Missouri defendants were neither "properly joined" nor "properly served" at the time of removal. Thus, the removing defendants argue that the § 1441(b) limitation on removal jurisdiction is inapplicable.

## Joinder of Forum Defendants

The removing defendants argue that § 1441(b) should not bar removal of this case because the Missouri defendants named in the complaint are not properly joined. According to the plaintiffs, the four Air Evac defendants and defendant Ozark Aircraft Maintenance were responsible for maintenance of the aircraft. In particular, plaintiffs state that both Ozark and the Air Evac defendants replaced fuel control units on the aircraft and returned it to service. Plaintiffs claim that these Missouri defendants were negligent in failing to properly maintain the

aircraft, failing to comply with Federal Aviation Regulations and manufacturer's instructions, and failing to inspect and repair the engine and its components.

The plaintiffs' allegations notwithstanding, the removing defendants argue that the Missouri defendants are fraudulently joined. According to the removing defendants, the Air Evac parties had no responsibilities with respect to inspection or maintenance of the aircraft after November, 2001. Likewise, Ozark did not service the aircraft after July, 2003. Thus, none of the Missouri parties had any contact with the aircraft for more than two years before the September, 2005 crash.

The relevant inquiry in analyzing a claim of fraudulent joinder focuses on whether a plaintiff might have a colorable claim against a defendant. *Menz v. New Holland N. Am., Inc.*, 440 F.3d 1002, 1005 (8th Cir. 2006). Joinder is fraudulent only when "there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Wilkinson v. Shackelford*, 478 F3d 957, 964 (8th Cir. 2007). The standard for determining fraudulent joinder is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). A proper review gives "paramount consideration to the reasonableness of the basis underlying the state claim." *Menz*, 440 F.3d at 1004.

Here, plaintiffs have alleged what "might" be a "colorable claim" of negligence with respect to the Missouri defendants. Plaintiffs have described a

series of contacts the Missouri defendants had with the aircraft. According to the plaintiff, both Ozark and the Air Evac parties serviced the plane, replaced parts, performed inspections, and returned the aircraft to service. Under Missouri law, a failure to properly maintain, repair and inspect an aircraft can support a claim of negligence. *See Kewanee Oil Co. v. Remmert-Werner, Inc.*, 508 S.W.2d 23 (Mo. Ct. App. 1974). Even if the removing defendants are correct in stating that the Missouri parties did not work on the aircraft for the two years before the accident, this does not mean that joinder of these parties is fraudulent. There is no reason to conclude at this early stage of litigation that the Missouri defendants' contacts with the aircraft are wholly unrelated to the cause of the crash. Consequently, it cannot be said that the Missouri defendants are fraudulently joined. Joinder of these parties is proper within the meaning of § 1441(b).

### Service of the Complaint

The removing defendants' final argument for why removal of this case is proper is also grounded in the text of § 1441(b). Removing defendants argue that even if the Missouri defendants are properly joined, this case is still removable to Missouri federal court because none of the Missouri defendants had been served at the time of removal. The removing defendants filed their notice of removal on October 2, 2007 – before any defendants had been served. It was not until the following day that plaintiffs served the complaint on Ozark and the Air Evac

defendants. Since the § 1441(b) limitation on removal applies only in diversity cases where there is a "properly joined and served" forum defendant, the defendants here conclude that plaintiffs' failure to serve Ozark and Air Evac before removal makes § 1441(b) inapplicable.

Plaintiffs make two arguments for why removal is improper even though the Missouri defendants had not been served. First, plaintiffs point out that, under Eighth Circuit case law, § 1441(b) is a jurisdictional statute. *See Hurt v. Dow*, 963 F.2d 1142, 1146 (8th Cir. 1992). That is, the prohibition on removal where there are properly joined and served forum defendants is a limitation on the diversity jurisdiction of federal courts hearing removed cases. *Id.* Thus, according to plaintiffs, the presence of Missouri defendants in this case prevents removal, regardless of the fact that those defendants had not been served. In support of this position, plaintiffs rely on *Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981). In *Pecherski*, the Eighth Circuit wrote that "a court, in determining the propriety of removal based on diversity of citizenship, must consider all named defendants, regardless of service." *Id*. at 1160-61.

Plaintiffs misconstrue the holding in *Pecherski*. That case dealt with a Jane Doe defendant whose citizenship (once it was ascertained) destroyed diversity. The court in *Pecherski* concluded that, with respect to the Jane Doe defendant, "mere failure to serve a defendant who would defeat diversity jurisdiction does not

permit a court to ignore that defendant in determining the propriety of removal." *Id*. at 1160. Despite the dicta quoted by the plaintiffs, the actual holding in *Pecherski* stated that removal was improper, not because of service, but because the removing defendant "failed to establish diversity of citizenship between [the plaintiff] and the Jane Doe defendant." *Id*. at 1161.

In contrast, the presence of Missouri defendants in this case does not defeat diversity. Plaintiffs and defendants are diverse from one another regardless of the presence of Missouri defendants. The holding in *Pecherski* and the jurisdictional nature of § 1441(b) have no bearing on the propriety of removal here. Diversity jurisdiction in this case is proper because complete diversity exists. Removal of this case is proper because the Missouri defendants had not been served. The "service issue" and the "diversity of parties" issue are separate.

Plaintiffs' second argument is that, even if the text of § 1441(b) allows removal in the case where forum defendants have not been served, such a practice should not be allowed here, in the case where none of the defendants (forum or otherwise) had been served at the time of removal. According to plaintiffs, the purpose of § 1441(b) is to prevent a plaintiff from listing a forum defendant as a nominal party for the sole purpose of blocking removal. The statute targets those plaintiffs who would name a forum defendant against whom the plaintiff has no

intention of proceeding. "Properly joined and served" forum defendants are those forum defendants who the plaintiff intends to serve and prosecute.

Plaintiff's argument finds support in a number of district court opinions. In *Recognition Communications, Inc. v. American Automobile Assoc.*, 1998 WL 119528 (N.D. Tex. Mar. 5, 1998), the court held that, where no defendant had been served or entered a voluntary appearance, removal was improper under § 1441(b). Similarly in *Oxendine v. Merck and Co., Inc.*, 236 F. Supp. 2d 517, 525 (D. Md. 2002), the court concluded that a defendant who "cleverly managed to learn of the filing" of plaintiff's case before the plaintiff could serve any of the parties should not be allowed to then remove the case to federal court. *See also Holstrom v. Harad*, 2005 WL 1950672 (N.D. Ill. Aug. 11, 2005) (agreeing with the holding in *Recognition Communications* but recognizing "the tension between this result and the literal language of § 1441(b)").

The text of § 1441(b), however, is clear. A case with diverse parties is removable if none of the parties "properly joined and served as defendants is a citizen of the State in which such action is brought." The Missouri defendants in this case were not served at the time the case was removed. Thus, the limitation on removal in § 1441(b) does not apply. That the removing defendants themselves

had not been served is irrelevant.² The statutory text does not require that the removing defendants be served, and says nothing about parties the plaintiff intends to serve but does not. This Court must apply the statute as it is written, and not as plaintiffs maintain it is intended. This holding is consistent with the majority of cases that have recently confronted this very issue. *See, e.g.*, *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001); *Ripley v. Eon Labs, Inc.*, 2007 WL 2406806 (D.N.J. Aug. 16, 2007); *Waldon v. Novartis Pharmaceuticals Corp.*, 2007 WL 1747128 (N.D. Cal. June 18, 2007); *Massey v. Cassens & Sons, Inc.*, 2006 WL 381943 (S.D. Ill. Feb. 16, 2006).

## Conclusion

Plaintiffs and defendants in this case are diverse, and the removing defendants filed their notice of removal before the forum defendants were served. Therefore the forum defendant rule (which applies only to "properly joined and served" forum defendants) is inapplicable. This case was properly removed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand this case to state court [#53] is DENIED.

---

²Although the removing defendants perhaps "cleverly managed to learn of the filing" in this case, nothing in § 1441(b) prevents removal by unserved defendants. Moreover, 28 U.S.C. § 1446 spells out procedures for removal and notes that a defendant must file a notice of removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading." The "or otherwise" language in § 1446 provides a strong indication that Congress never intended to make a defendant wait until service before filing for removal.

**IT IS FURTHER ORDERED** that plaintiffs' motion to hold defendants' motion to transfer venue in abeyance pending the outcome of plaintiff's motion to remand [#17] is DENIED as moot.

**IT IS FURTHER ORDERED** that defendants' motion to supplement [#43] the motion to transfer is granted with the consent of plaintiffs. Defendants shall file any supplemental materials no later than February 4, 2008, and plaintiffs will file any additional materials no later than February 18, 2008. No further briefing will be allowed.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of December, 2007.