UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KARI JOHNSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:07CV1695 CDP |
| | ) |
| PRECISION AIRMOTIVE, | ) |
| LLC., et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This case arises out of an airplane crash in Wabash, Indiana. Plaintiffs are the representatives of four passengers who died in the crash, and have brought suit alleging strict liability and negligence on the part of seventeen defendants who serviced or manufactured parts of the aircraft. Plaintiffs filed their petition in Missouri Circuit Court for the City of St. Louis. Two defendants later removed the case to this Court. Those same defendants now seek to have the action transferred to the Northern District of Indiana under 28 U.S.C. § 1404(a). Because I find that defendants have failed to show that a transfer would benefit the convenience of the parties and witnesses or promote the interests of justice, I will deny the motion to transfer.

Additionally, plaintiffs have filed a motion seeking reconsideration of my earlier order denying plaintiffs' motion to remand this case to state court. Plaintiffs bring their motion as a combined motion to reconsider and second motion to remand for lack of jurisdiction, or in the alternative as a motion for certification of appeal under 28 U.SC. § 1292(b). I believe that my earlier order denying remand is correct. Plaintiffs continue to confuse subject-matter jurisdiction and removal jurisdiction. The parties are completely diverse, so diversity jurisdiction exists. Removal was proper under § 1441(b) because the forum defendants were not properly joined *and served* at the time of removal. Service of the forum defendants after the removal did not deprive the court of removal jurisdiction, and plaintiffs' reliance on cases involving service that destroys diversity is misplaced. I will again deny the request for remand, and I will also deny plaintiffs' request that this matter be certified for interlocutory appeal.

## **Background**

Plaintiffs in this action are all citizens of Indiana, as were the four decedents on whose behalf plaintiffs bring suit. The aircraft accident at the center of this litigation took place in Indiana. The accident investigation that followed was also conducted in Indiana, and much of the documentary evidence surrounding the investigation remains there.

Plaintiffs allege that the decedents' single engine Piper 32-300 aircraft crashed as a result of the defendants' failure to properly design, manufacture, service, and maintain the aircraft and its engine. Defendants are all corporate entities, and are citizens of Delaware, New Jersey, Washington, Pennsylvania, Rhode Island, Kansas, Colorado and Missouri. Defendants Avco Corporation and Textron, Inc. do not argue that this Court is without jurisdiction to hear the case. Rather, they maintain that this case is more appropriately litigated in Indiana, where the crash took place and where many of the witnesses are located.

## Discussion

Defendants seek an order from this Court transferring this case to the Northern District of Indiana under 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Opposing the defendants' motion, plaintiffs contend that transfer is improper because the Northern District of Indiana does not have jurisdiction over one or more defendants. Furthermore, plaintiffs argue that even assuming jurisdiction is proper in Indiana, the motion should be denied as a matter of judicial discretion. Because I conclude that the factors in § 1404(a) do not weigh toward transferring the case, I need not decide whether the Northern District of Indiana would have jurisdiction in this case.

In considering the motion to transfer, I must apply the law of the Eighth Circuit. *See Winner Int'l Royalty Corp. v. Wang*, 202 F.3d 1340 (Fed. Cir. 2000). Federal courts generally give "considerable deference to a plaintiff's choice of forum, and thus the party seeking a transfer under § 1404(a) typically bears the burden of proving that a transfer is warranted." *Terra Int'l v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997); *Biometics, LLC v. New Womyn, Inc.*, 112 F. Supp. 2d 869, 875 (E.D. Mo. 2000). The party seeking transfer is required to make a "clear showing that the balance of interests weighs in favor of the proposed transfer, and unless that balance is strongly in favor of the moving party, the plaintiff's choice of forum should not be disturbed." *May Department Stores Co. v. Wilansky*, 900 F. Supp. 1154, 1166 (E.D. Mo. 1995); *Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923, 927 (E.D. Mo. 1985). A transfer which would merely shift the inconvenience from one party to another should not be granted. *Houk*, 613 F. Supp. at 928.

By its terms, § 1404(a) sets out three broad categories of interests that must be considered in ruling on a motion to transfer: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. *Terra Int'l*, 119 F.3d at 691. Of these, convenience of the witnesses is considered a primary, if not the most important, consideration. *Biometics*, 112 F. Supp. 2d at 876; *May Department Stores*, 900 F. Supp. at 1165. A court is not limited, however, to just

these enumerated factors. Determinations under § 1404(a) require a "case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Terra Int'l*, 119 F.3d at 691. The "myriad of factors" which may be considered include access to sources of proof, availability of compulsory process for witnesses, expenses attendant to the production of witnesses, the governing law, the possibility of delay and prejudice if a transfer is granted, and the relative advantages and obstacles to a fair trial. *May Department Stores*, 900 F. Supp. at 1165; *Houk*, 613 F. Supp. at 927; *Woolridge v. Beech Aircraft Corp.*, 479 F. Supp. 1041, 1057 (W.D. Mo. 1979). Various "public factors" which can be considered in the interest of justice include "the administrative difficulties flowing from court congestion, the local interest in having localized controversies decided at home, . . . the avoidance of unnecessary problems in conflict of laws, and the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft v. Reyno*, 454 U.S. 235, 241 (1981). While considering all relevant factors in the circumstances of this particular case, I turn now to the three broad categories of interests set forth in § 1404(a).

<u>Convenience of the Parties</u>.

Defendants first argue that this case should be transferred because the plaintiffs are all Indiana citizens suing on behalf of Indiana decedents. None of the plaintiffs have any apparent connection to Missouri, and only two of the

numerous corporate defendants (Ozark and Air Evac) are Missouri corporations. A plaintiff's choice of forum is ordinarily afforded great weight. *De Melo v. Lederle Laboratories*, 801 F.2d 1058, 1062 n.4 (8th Cir. 1986). However, a court gives less deference to a plaintiff's choice of forum when the plaintiff does not reside there and defendants' allegedly infringing activity was not centered there. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981); *Biometics*, 112 F. Supp. 2d 887.

Defendants are correct in pointing out that it may be less convenient for plaintiffs to litigate this case in Missouri as opposed to Indiana. However, plaintiffs have already taken into consideration issues relating to their own convenience. If plaintiffs assert that Missouri is a convenient forum for them, this Court does not have evidence from which to conclude otherwise. *See Ashmore v. Northeast Petroleum Div. of Cargill, Inc.*, 925 F. Supp. 36, 39 (D. Me. 1996). In contrast, it is very difficult for defendants to establish that they are prejudiced by litigating in Missouri as opposed to Indiana. None of the defendants are Indiana corporations. Two of the defendants are based in Missouri. The other defendants are scattered across seven states and from one coast to the other. It is not at all clear why Indiana would be a more convenient forum than Missouri for these defendants. Avco and Textron (the defendants seeking transfer) are large corporations with a national presence, and could arguably be called on to defend a

suit in any state. Trying this case in Missouri would not result in "oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience." *Piper*, 454 U.S. at 241.

The defendants seeking transfer argue that the Missouri defendants are not "significant" parties to the case, as their contacts with the aircraft were only minimal, and they are not the principal parties against whom claims have been asserted. However at this early stage of litigation, with no discovery having been conducted, it is far too speculative to assert who is a "primary" defendant and who is not. Having named Missouri defendants in the complaint, plaintiffs have at least a plausible argument for why it would be logical and convenient to litigate this case in Missouri. Defendants have not made a sufficient showing that it would be more convenient for the parties to litigate elsewhere.

Convenience of the Witnesses.

As noted previously, convenience of the witnesses is a "primary, if not the most important" consideration when ruling on a motion to transfer venue. *Biometics*, 112 F. Supp. 2d at 876; *May Department Stores*, 900 F. Supp. at 1165. Defendants argue that because this case involves an Indiana plane crash, with Indiana passengers, and Indiana witnesses and investigators, the logical venue for this case is Indiana. Defendants' argument is a reasonable one. However the argument fails to take into account the allegations made in plaintiffs' complaint.

Plaintiffs' complaint alleges claims of strict liability and negligence arising from the design, manufacture, and maintenance of the aircraft. None of these claims is necessarily tied to Indiana. Rather, the alleged actions giving rise to liability would have occurred in the various states where the aircraft parts were assembled or repaired. The witnesses plaintiffs would call to build their case in chief would likely be as scattered as the defendants themselves. There is no reason to conclude that the plaintiffs' non-party witnesses would be centered in Indiana, or that it would be more convenient for those witnesses were the case transferred to that state.

Undoubtedly, defendants will deny plaintiffs' claims and assert that the cause of the accident was something unrelated to manufacturing defects or negligent maintenance. In briefing this motion to transfer, defendants indicate that they may rely heavily on Indiana witnesses who observed the crash or investigated it. Local Indiana witnesses could foreseeably testify that the crash was caused by pilot error or weather conditions or some other cause that was uniquely centered at the time and place of the crash. But the defendants' theory of the case should not control where the action is tried. Plaintiffs are the masters of their complaint, and the plaintiffs in this case have brought claims relating to aircraft manufacture and repair. Defendants have not shown any particular inconvenience to trying these claims in Missouri.

Interest of Justice.

Finally, I turn to considerations of justice and fairness in deciding whether to transfer this case to the Northern District of Indiana. Defendants maintain that there is a "strong argument" Indiana law will govern this case, and it is therefore more appropriate for the case to be heard in Indiana. Although no choice of law issues have been raised by the parties, defendants may be correct in stating that such issues will eventually be argued. However this fact does not affect whether a transfer is appropriate. Even if this case were to be transferred, the Indiana transferee court would be obligated to follow Missouri choice of law rules. *See Eggleton v. Plasser & Theurer Export Von Bahnbaumaschinen Gesellschaft*, 495 F.3d 582, 586 (8th Cir. 2007). This Court can apply the appropriate choice of law rule to this case, and if Indiana law is found to be the governing law, this Court will be able to apply it.

Additionally, plaintiffs point out that there is at least some question whether the Northern District of Indiana would be able to assert personal jurisdiction over all the defendants. I need not consider this issue, since I am not granting defendants' motion to transfer. It is worth noting, however, that a legitimate doubt concerning a transferee court's jurisdiction is one factor that weighs against transferring a case properly brought in the transferor court. *Shutte v. Armco Stel Corp.*, 431 F.2d 22, 24-25 (3d Cir. 1970).

Plaintiffs originally brought their claims to a Missouri state court, where they would be heard by a Missouri jury. Defendants successfully removed the case to Missouri federal court. Transferring the case to Indiana federal court would further remove the cause of action from plaintiffs' chosen forum. Plaintiffs have asserted colorable claims against several defendants, including those located in Missouri. Missouri is therefore a reasonable place for plaintiffs to bring suit, and the plaintiffs' choice of forum should not be further disturbed.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to transfer venue [#4] is DENIED.

**IT IS FURTHER ORDERED** that plaintiffs' motion [#76] for reconsideration and to vacate, second motion for remand and alternative motion for certification is DENIED.

**IT IS FURTHER ORDERED** that defendants' motion [#79] for leave to file a response to plaintiffs' supplemental memorandum is GRANTED.

**IT IS FURTHER ORDERED** that defendants' motion [#81] for an extension of time to file a response to plaintiffs' motion is GRANTED.

**IT IS FURTHER ORDERED** that the motion to appear pro hac vice filed by James L. Burt, III [#86] is GRANTED.

**IT IS FURTHER ORDERED** that defendants' motion for leave to file First Amended Answer and Affirmative Defenses [#87] is GRANTED.

This case will be set for a Rule 16 conference by separate order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of April, 2008.