UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KARI JOHNSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:07CV1695 CDP |
| ) | |
| PRECISION AIRMOTIVE, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

This is an airplane crash case involving numerous defendants who manufactured, maintained and repaired various parts on an aircraft that crashed in Wabash, Indiana, killing four passengers. Defendants AlliedSignal Inc.; Avco Corporation; Bendix Corporation; Honeywell, Inc.; Honeywell International Inc.; and Textron Inc. are all alleged to have manufactured original or replacement parts for the airplane or airplane engine. These defendants (together "the manufacturing defendants") have moved for summary judgment, arguing that the General Aviation Revitalization Act (GARA) and Indiana Products Liability Act are complete defenses to plaintiffs' claims. Additionally, these defendants seek to stay discovery pending resolution of their summary judgment motion, or in the alternative to limit discovery to those facts necessary to resolve the GARA issue. Plaintiffs in turn have filed a motion under Rule 56(f), Fed. R. Civ. P., opposing

the motion for summary judgment and stating that without discovery, plaintiffs are unable to properly respond to defendants' claims.

I conclude that the manufacturing defendants' summary judgment motion is premature, and I will deny it without prejudice. I also conclude that tailoring discovery to just the GARA issue would prove to be more difficult and more costly than the alternative, so I will deny the defendants' request to stay or limit discovery.

### **Discussion**

The General Aviation and Revitalization Act is a statute of repose that "generally bars suits against airplane manufacturers brought more than eighteen years after the delivery date to an initial purchaser of the aircraft." *Robinson v. Hartzell Propeller, Inc.*, 454 F.3d 163, 165 (3d Cir. 2006); Pub L. No. 103-298, 108 Stat. 1552 (1994), *reprinted in* 49 U.S.C. n. § 40101. In pertinent part, the statute states:

> (a) Except as provided in subsection (b), no civil action for damages for death or injury to persons . . . may be brought against the manufacturer of the aircraft or the manufacturer of any new component . . . if the accident occurred–
>
> (1) after the applicable limitation period beginning on–
>
> (A) the date of delivery of the aircraft to its first purchaser . . . or
>
> (2) with respect to any new component, . . . after the applicable limitation period beginning on the date of completion of the replacement or addition.

Subsection (b) provides an exception to the general bar on bringing suit, and says that subsection (a) does not apply:

> if the claimant pleads with specificity the facts necessary to prove, and proves, that the manufacturer . . . knowingly misrepresented . . . or concealed or withheld from the Federal Aviation Administration, required information that is material and relevant to the performance or the maintenance or operation of such aircraft or the component . . . that is casually related to the harm with the claimant allegedly suffered.

Congress enacted GARA to limit the "long tail of liability imposed upon the manufacturers of general aviation aircraft." *Blazevska v. Raytheon Aircraft Co.*, 522 F.3d 948 (9th Cir. 2008). The statute works as a statute of repose rather than a statute of limitation, because it begins to run at the moment the aircraft or aircraft part is introduced for sale or installed on the airplane. The date of a plaintiff's injury does not affect the running of the eighteen year time period.

1. Stay or Limitation on Discovery

The manufacturing defendants in this case argue that GARA establishes an "absolute right not to stand trial." *See Estate of Kennedy v. Bell Helicopter Textron, Inc.*, 283 F.3d 1107 (9th Cir. 2002) (holding that a denial of summary judgment under GARA is immediately appealable under the collateral order doctrine); *but see Robinson v. Hartzell Propeller, Inc.*, 454 F.3d 163 (3d Cir. 2006) (reaching the opposite conclusion). As such, defendants argue they should not have to submit to discovery if, under GARA, they cannot be held liable for

plaintiffs' claims.  To require defendants to participate in discovery would, according to their argument, effectively eviscerate the protections afforded by GARA and undermine its purpose.

The defendants' argument is not supported by the statutory text.  GARA does not say anything about discovery.  It does not establish any procedure for litigating airplane crash cases, nor does it restrict the types of evidence discoverable by plaintiffs.  GARA merely sets forth a defense to liability in cases where the relevant airplane parts are more than eighteen years old.  *See Kennedy*, 283 F.3d at 1115 (Paez, J., dissenting) (noting the similarity between the GARA text and federal statutes of limitation, and concluding "Congress intended only to confer a defense to liability, not immunity from suit.").  There is no reason plaintiffs should be denied discovery merely because defendants have filed a motion under GARA.

Manufacturing defendants next argue that, even if discovery goes forward, it should be strictly limited to GARA issues.  That is to say, discovery at this stage should focus only on the age of the relevant airplane parts and on whether the "knowing misrepresentation" exception to GARA applies.  Defendants' argument is a reasonable one in theory, but I do not believe it would be workable in practice.  Plaintiffs have alleged that the manufacturing defendants designed and manufactured both original and replacement parts for the aircraft.  Under the

GARA statute, the eighteen year limitation period for original parts would be easy to calculate. However the time calculation would be different for every part that was subsequently added or replaced. There is not merely one "GARA issue" to resolve in this case, but rather a separate GARA issue for every part of the plane that has been added since the plane was new. It is logical to conclude that substantial discovery will be needed to determine which specific aircraft components are the alleged cause of the crash. Such discovery will narrow the GARA issues raised with respect to each airplane component.

Moreover, discovery is also required to determine whether plaintiffs' claims fit within the misrepresentation exception to GARA. Establishing the line between what is "GARA discovery" and what is not would not be easy. The parties in this case have agreed on very little to this point. They have engaged in protracted debates over removal to federal court, transfer of venue, and excruciatingly minute points such as interpretation of this Court's local rules for filing briefs. There is little reason to think that the parties would see eye to eye on what lies within the scope of GARA discovery and what does not. The Court has no interest in micro-managing discovery, and ongoing discovery disputes do not serve any of the parties' interests. For these reasons, I will deny the defendants' request to limit discovery.

2. <u>Defendants' Motion for Summary Judgment and Plaintiffs' Motion under Rule 56(f)</u>

Finally, plaintiffs have filed a motion under Rule 56(f), seeking to have defendants' motion for summary judgment denied without prejudice so that discovery may take place. Plaintiffs' counsel has filed an extensive affidavit with the Rule 56(f) motion, in which he states that the plaintiffs lack sufficient discovery at this time to properly respond to the defendants' motion. The plaintiffs' arguments are persuasive. The aircraft at issue in this case was over 29 years old at the time of the accident, and had a long service record. The engine and engine parts had been overhauled, converted, and replaced on various occasions. Discovery will be necessary to determine what was done to the plane and when, and which parties have manufactured parts of the airplane that are less than eighteen years old. For this reason, the plaintiffs' Rule 56(f) motion will be granted.

This is not to say that defendants must wait until the very end of discovery before re-filing their summary judgment motion. This is a large and complex case, and discovery is not scheduled to conclude for almost a year and a half. There may well come a point later in the litigation prior to the close of discovery when consideration of defendants' GARA motion is appropriate. Until then, however, defendants' motion will be denied without prejudice.

Defendants also raise arguments under the Indiana Products Liability Act. I will not consider these arguments because it would be premature to make a choice

of law determination at this time. Only a handful of the numerous defendants are parties to the summary judgment motion, and it would be unreasonable to make a choice of law ruling now that might affect other defendants. It may be that the law of one state will apply to one set of defendants or a particular issue, while another state's law will apply when considering other parties. But discovery will be necessary before this can be determined. If the parties wish to propose a schedule for briefing choice of law issues, I will consider it; but at this time I believe consideration of the issue is premature.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions [#92, 108] for summary judgment are denied without prejudice.

**IT IS FURTHER ORDERED** that defendants' motions [#93, 111, 115] to stay or limit discovery are denied.

**IT IS FURTHER ORDERED** that plaintiffs' motion [#104] under Rule 56(f) is granted.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　CATHERINE D. PERRY
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated this 26th day of June, 2008.