~~27597.00A1D17/Document#804989~~

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KARI (Swan) JOHNSON, et al., ) | |
| ) | |
| Plaintiffs ) | |
| v. ) | No. 4:07-cv-01695-CDP |
| ) | |
| ) | (Circuit Court of St. Louis County |
| PRECISION AIRMOTIVE, LLC; et al. ) | No. 0722-CC08048) |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

*Entered by Court after reviewing parties' briefs, and overruling objections to portions except those changed.*
*Catherine Perry 7/3/09*

### ~~STIPULATION AND~~ ORDER CONCERNING THE TREATMENT OF DISCOVERY DOCUMENTS MARKED CONFIDENTIAL

The parties recognize that preparation and trial of this action will require the discovery of business records and other materials claimed by one or more of the parties to contain confidential business, commercial, or proprietary information that may be subject to restrictive disclosure. Some information of that type already has been requested in discovery sought by certain of the parties. With the intention to facilitate the exchange of information in discovery in the above captioned litigation while protecting any claimed proprietary and/or financial interests of the producing parties, it is agreed that:

1. The parties shall have the right to designate as "CONFIDENTIAL" any document, interrogatory answer, response to request for admission, deposition or other testimony that they give or produce in this case, provided that it concerns bona fide trade secrets, non public financial information, research and development information, engineering and financial information relating to competitive consideration, or any other non-public, proprietary or confidential business information. Any documents or information designated as "CONFIDENTIAL" (hereinafter "Confidential Material") shall have the legend



"CONFIDENTIAL—produced under court order for use only in case Swan/Johnson, No. 4:07-CV-01695" placed on it and thereafter shall be treated pursuant to the provisions of this Stipulated Protective Order. Deposition transcripts shall have the specific pages listed that contain confidential matter.

2. Confidential Material shall be used by the parties and their counsel solely for the purpose of conducting the above-captioned litigation and shall not be provided to or communicated at any time, in any manner, directly or indirectly, to anyone other than a person qualified under the terms of this Stipulated Protective Order as set forth in paragraph 3, below.

3. Prior to trial, access to Confidential Material and to the information contained therein shall be restricted to the following Qualified Persons:

    a. The attorneys working on this action on behalf of the parties, and their employees or agents working on this action;

    b. The parties, their employees, officers and agents who are working on this action and whose assistance is required in preparation of this matter for trial;

    c. Experts and consultants who are employed or retained by any of the parties or their counsel, provided that such experts and consultants are advised of the existence of this Stipulated Protective Order and given an opportunity to read it and agree to its terms;

    d. The court and its support personnel and court reporters;

    e. Any person designated by mutual agreement of the parties, or by the court in the interest of justice, upon such terms as the court may deem proper;

    f. No Confidential Material may be given, shown, made available, discussed or otherwise communicated in any way to a competitor or an employee of or consultant to a competitor of the Producing Party.

4. Confidential Material shall not be given, shown, made available, discussed or otherwise communicated to anyone other than the attorneys of record for a party without first informing them of the contents of this ORDER. In the case of persons specified in Paragraph 3(c) hereinabove, counsel shall obtain from such person a signed acknowledgment, in the form attached hereto as EXHIBIT A, that the person:

    a. is familiar with the terms of this ORDER and agrees to comply with and be bound by them, and

    ~~b. submits to the jurisdiction of this Court for the purposes of enforcement of this ORDER.~~ *CDP 7/13/09*

5. The inadvertent failure of a party to designate discovery material as Confidential Material at the time of production shall not constitute a waiver of the party's claim to confidentiality as long as the party promptly designates such material as Confidential Material under the protection of this Stipulated Protective Order. The recipient of such documents agrees to cooperate with the producing party to remedy any inadvertent disclosure.

6. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and its failure to do so shall not preclude a subsequent challenge to such a designation. If a party believes that a document or information designated or sought to be designated confidential by the producing party does not warrant such designation, it shall first make a good faith effort to resolve such dispute with opposing counsel. In the event that such dispute cannot be resolved by the parties, the designating party has the burden to apply to the Court for determination as to whether the designation is appropriate. If no application is made within thirty (30) days after written objection, the documents shall lose its confidential status. The document or information shall be treated as confidential until the Court resolves the matter.

3

7. Confidential Material, or any papers containing excerpts or summaries of such material, shall be filed with the Court only "UNDER SEAL".

8. The Protective Order does not cover Confidential Material admitted at trial in this matter. ~~However, at trial the designating party may seek Court assistance to place such documents or information under seal or otherwise protect the same from public disclosure, including requesting an order requiring return of any such documents. The use or admission of Confidential Material at trial shall not affect the right of the parties to designate the same or similar materials as Confidential Material in any other or subsequent litigation, civil action or proceeding.~~ 7/13/09 CDP

9. Within twenty-one (21) days after the conclusion of this litigation, unless the Court orders otherwise, Counsel for any party who received Confidential Material shall request from all persons to whom Confidential Material have been provided an affidavit in the form of Exhibit B hereto. The request shall include notification to the recipients that the litigation has concluded.

10. Within fourteen (14) days of receipt of notice of the conclusion of this litigation, each person specified in paragraph 3(b)(c) and (e) of this ORDER shall:

   a. return to the counsel that disclosed Confidential Material to them all Confidential Material and all documentary materials reflecting Confidential Material which are in his/her possession, custody or control, and

   b. serve upon the disclosing counsel an affidavit in the form of EXHIBIT B, attesting that he/she has returned all Confidential Material.

11. Unless the Court orders otherwise, within sixty (60) days from and subsequent to the conclusion of this litigation, including any appeals, either (a) by compromise settlement, (b)

by stipulated dismissal, (c) by entry of judgment, or (d) by conclusion of any appeals, whichever shall occur first, every counsel who has received the Confidential Material and all copies, or excerpts thereof, of another party shall:

    a.    Return the original and all copies of the Confidential Material provided by the Producing Party which are in the possession, custody or control of such counsel; and

    b.    Deliver to counsel for the Producing Party all Confidential Material provided by the Producing Party which are in the possession, custody or control of such counsel; and

    c.    Provide to counsel for the Producing Party one copy of all original executed affidavits received; and

    d.    Inform counsel for the Producing Party in writing of the identity of any Confidential Material contained in or derived from such documents, known to such counsel, which have not been returned in the manner required by this ORDER, and the identity of any person who has failed to return each such Confidential Material.

    12.    In the event that any recipient of Confidential Material is served with a subpoena, documents request or other request for the production of Confidential Material, such recipient shall assert the existence of this Protective Order and object to the production of such documents. The recipient of the request shall immediately notify counsel for the producing party and cooperate with producing party's counsel's attempt to quash or prevent such disclosure.

    13.    This Stipulated Protective Order shall survive the termination of this litigation and the Court shall retain jurisdiction over the parties, their attorneys, experts, agents and employees, to enforce the provisions hereof and/or modify or vacate the agreement.

14. This Stipulated Protective Order represents a valid and binding agreement of the parties effective of the date executed by their authorized representatives.

15. This Stipulated Protective Order shall not be used in any proceeding as evidence that the parties and/or their attorneys as a matter of practice agree to its terms, justification, or necessity.

Dated: _____  Dated: _____

_____  _____
Attorney for Plaintiffs,  Attorney for Defendants Textron and Avco.
Kari Swan Johnson, et al.

_____
Attorney for Defendant Western
Skyways, Inc.

Dated: _____

~~APPROVED, AND~~ SO ORDERED, this 13th day of July, 2009.

_____
Judge:

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
MISSOURI, EASTERN DIVISION

| | |
|---|---|
| JOHNSON, (Swan), et al., )<br>)<br>Plaintiffs )<br>v. )<br>)<br>)<br>PRECISION AIRMOTIVE, LLC; )<br>AVCO CORPORATION, d/b/a TEXTRON )<br>LYCOMING; LYCOMING a/k/a LYCOMING )<br>ENGINES a/k/a TEXTRON LYCOMING )<br>RECIPROCATING ENGINE DIVISION; )<br>TEXTRON, INC., et al., )<br>)<br>Defendants. ) | No. 4:07-cv-01695-CDP<br><br>JURY TRIAL DEMANDED |

The undersigned states subject to the penalties for perjury:

1. I have been retained by a party to this litigation or by a party's counsel of record to offer analysis or advice, either as an expert witness or a consultant.

2. I have been furnished a copy of the Protective Order entered in this case restricting the use of Confidential Material.

3. I promise to abide by the Protective Order with respect to Confidential Material furnished to me in this litigation.

4. As a condition to receipt of documents designated Confidential Material in this litigation, I consent to personal jurisdiction over me in the United States District Court for the Eastern District of Missouri, Eastern Division, solely for the purpose of enforcing the Protective Order.   Signed: _____

_____
Print Name

_____
Address

_____
City, state, zip

Signed this ___ day of _____, 200__.

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
MISSOURI, EASTERN DIVISION

| | |
|---|---|
| JOHNSON, (Swan), et al., )<br>)<br>Plaintiffs )<br>v. )<br>)<br>)<br>PRECISION AIRMOTIVE, LLC; )<br>AVCO CORPORATION, d/b/a TEXTRON )<br>LYCOMING; LYCOMING a/k/a LYCOMING )<br>ENGINES a/k/a TEXTRON LYCOMING )<br>RECIPROCATING ENGINE DIVISION; )<br>TEXTRON, INC., et al., )<br>)<br>Defendants. ) | No. 4:07-cv-01695-CDP<br><br>JURY TRIAL DEMANDED |

The undersigned states, subject to the penalties for perjury:

1. I was retained by a party to this litigation or by a party's counsel of record to offer analysis or advice, either as an expert witness or a consultant.

2. I have been furnished a copy of the Protective Order entered in this case restricting the use of Confidential Material.

3. I have received notice that this litigation has concluded.

4. I certify that I have returned all of the documents protected by the Protective Order.

Signed: _____

_____
Print Name
_____          Signed this ____ day of _____, 200__.
Address
_____
City, state, zip

**EXHIBIT B**